SCHOTT, Judge.
Following a deposition of Sidney J. B. Caire, Jr., appellee, on oral interrogatories, appellants, Dr. Roland A. Caire, et als filed a motion to compel him to answer certain questions which had been propounded to him. A similar motion had been filed against appellee by Etienne J. Caire, II. Both motions to compel sought costs and attorney’s fees pursuant to LSA-C.C.P. Art. 1511. The trial court denied both motions, and this appeal was taken by appellants from the order denying their motion to compel appellee to answer the interrogatories.
In the meantime, Etienne J. Caire, II, applied to this Court for supervisory writs, and a writ of mandamus was issued ordering that the deposition of appellant be taken pursuant to certain guide lines included in our order. Our order also contained the following:
“We take no action at this time with respect to expenses and attorney’s fees demanded in the motion to compel, as relator has an adequate remedy on this issue by appeal.”
Appellee has now filed a motion to dismiss this appeal because the issue of the trial judge’s disposition of the motion to compel is now moot as result of our action in issuing the writ of mandamus sought by Etienne J. Caire, II, and because the order complained of is not an appealable judgment. In brief, appellants have limited the issue to their request for costs and attorney’s fees.
C.C.P. Art. 2083 provides that an appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. At this stage of the proceedings we do not find that appellants are the victims of irreparable injury by the lack of an order condemning appellee to pay costs and attorney's fees in connection with their, obtaining an order compelling him to answer interrogatories propounded to him. They may apply to the trial court for an order directed to appellee to pay such costs and attorney’s fees, or should the trial court fail to issue such an order they may raise this issue on appeal from a final judgment or an appealable interlocutory order which might be forthcoming from the trial court.
The appeal is dismissed.